UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RAFAEL A. JONES, SR., | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| vs. | ) | Case No. 4:10 CV00495 LMB |
| JEFF NORMAN, | ) |  |
| Respondent. | ) |  |

# MEMORANDUM AND ORDER

This matter is before the court on the petition of Rafael A. Jones, Sr. for a writ of habeas corpus under 28 U.S.C. § 2254. Also pending are twenty-four motions filed by petitioner.

## Procedural History

Petitioner is presently incarcerated at Jefferson City Correctional Center in Jefferson City, Missouri, pursuant to the sentence and judgment of the Circuit Court of the City of St. Louis, Missouri. See Respondent's Exhibit C. On May 5, 2009, petitioner pled guilty to domestic assault in the second degree and resisting arrest. See Resp't Ex. E. On July 31, 2009, petitioner was sentenced to a total of five years imprisonment. See Resp't Ex. C. On August 5, 2009, petitioner filed a motion to vacate, set aside, or correct the judgment of the Circuit Court of the City of St. Louis, Missouri, pursuant to Missouri Supreme Court Rule 24.035. See Resp't Ex. B.

On March 22, 2010, petitioner, pro se, filed the instant petition for a writ of habeas corpus, in which he raises four grounds for relief. (Doc. No. 1). On June 2, 2010, respondent filed a Response to Order to Show Cause, in which respondent argues that the petition should be dismissed because petitioner has not exhausted his state court remedies. (Doc. No. 18). Respondent argues

in the alternative that the petition should be dismissed because petitioner's claims lack merit.

## Discussion

**A.     Standard of Review**

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254(d), which provides:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court construed Section 2254(d) in Williams v. Taylor, 529 U.S. 362.  With respect to the "contrary to" language, a majority of the Court held that a state court decision is contrary to clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if the state court "decides a case differently than [the] Court has on a set of materially indistinguishable facts."  529 U.S. at 405.  Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies [the principle] to the facts of the particular state prisoner's case."  Id.  Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable."  Id. at 410.  Although

the Court failed to specifically define "objectively unreasonable," it observed that "an unreasonable application of federal law is different from an incorrect application of federal law." Id. at 410.

**B.      Exhaustion of State Remedies**

Respondent first argues that petitioner failed to exhaust his state remedies. Specifically, respondent states that petitioner's post-conviction relief motion is currently pending before the plea court. Respondent notes that the plea court scheduled an evidentiary hearing for June 11, 2010. Respondent points out that petitioner has indicated that one or more of his claims may be pending in a state habeas petition. Respondent contends that, because petitioner is presently availing himself of his state post-conviction remedies, his claims are unexhausted and this Court should dismiss his petition without prejudice.

"Generally, a defendant must exhaust all available state court remedies before seeking habeas relief." Echols v. Kemna, 511 F.3d 783, 785 (8th Cir. 2007). "If a petitioner has not presented his habeas corpus claim to the state court, the claim is generally defaulted." Id.

At the time petitioner filed his petition, he had not yet exhausted his state remedies, although he had initiated post-conviction proceedings. The status of petitioner's state post-conviction proceedings is unknown at this time. "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." See 28 U.S.C. § 2254(b)(2). As will be discussed below, the Court finds that petitioner's claims lack merit, and will dismiss the petition on this basis.

**C.      Petitioner's Claims**

Petitioner alleges the following four grounds for relief: (1) the state court lacked jurisdiction to accept his plea because he was detained for twenty-five days without an arrest

warrant or an indictment; (2) plea counsel was ineffective for advising him to plead guilty when she knew the State could not have prosecuted the case due to the illegal arrest warrant; (3) he was denied "beneficial counsel" with respect to the detention and arrest warrant issue; and (4) the arrest warrant was unlawful.

All four of petitioner's grounds for relief depend upon his claim that he was unlawfully held without an arrest warrant for twenty-five days. Under Missouri law, an individual arrested without a warrant or other process "shall be discharged from said custody within twenty-four hours from the time of such arrest, unless they shall be charged with a criminal offense by the oath of some credible person, and be held by warrant to answer to such offense." Mo. Rev. Stat. § 544.170(1) (2008).

The record reveals that petitioner committed the offenses at issue on December 13, 2008, and that he was arrested on the same day. (Resp't Ex. C; Doc. No. 1-1, p. 2). On December 14, 2008, the State filed a criminal Complaint against petitioner charging him with domestic assault and resisting arrest, and a judge signed a warrant for his arrest. (Resp't Ex. F; Resp't Ex. G). The record, therefore, disputes petitioner's claim that he was held without an arrest warrant for twenty-five days.

The warrant to which petitioner refers was the "Warrant on Indictment" that was issued on January 8, 2009, when the grand jury indicted him. (Doc. No. 1-1, p. 3). This subsequent Warrant on Indictment did not affect the legality of petitioner's arrest. As stated above, petitioner was charged by Complaint with the crimes of domestic assault and resisting arrest, and an arrest warrant was issued within twenty-four hours of his arrest. Thus, petitioner's arrest complied with Missouri law. Accordingly, all four of petitioner's grounds for relief, which depend on petitioner's claim that his arrest was unlawful, lack merit.

**D.     Petitioner's Motions**

As previously noted, petitioner has filed twenty-four motions, in which he presents additional argument in support of the claims raised in his petition; requests that the Court grant his petition and order his release; complains about the conditions of confinement, including the medical treatment he is receiving; and raises issues unrelated to his conviction or confinement, including an attempt to assert a class action suit against defendants. The undersigned has reviewed petitioner's motions and finds them to be largely incoherent, and without merit. To the extent petitioner is requesting that the court decide his grounds for relief, the court has determined herein that the petition is meritless and will be denied. Petitioner is advised that claims challenging conditions of confinement must be brought in a separate action pursuant to 42 U.S.C. § 1983, and will not be considered in a § 2254 habeas petition.

**E.     Certificate of Appealability**

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. See 28 U.S.C. § 2253(c)(2); Hunter v. Bowersox, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)). In this case, petitioner has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in his petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, no certificate of appealability shall be issued.

**ORDER**

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254 be **denied** and be **dismissed with prejudice** by separate judgment entered this date.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that petitioner be denied a certificate of appealability if petitioner seeks to appeal this judgment of dismissal.

**IT IS FURTHER ORDERED** that petitioner's pending motions be and they are denied.

Dated this  22nd  day of January, 2013.

*Lewis M. Blanton*

LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE